936 F.2d 573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry HOSACK, et al., Plaintiffs,
Darwin Gravitt, (90-1466) Plaintiff-Appellant,
Faysal D. Muhammad, (90-1468) Plaintiff-Appellant,
v.
Barry MINTZES, Gerald Fryte, Michigan Corrections
Organization, Michael Huey, David Bokanowski, Jeffrey
Schoendorf, Robert Squires, David Arnold, Charles Hagle,
William Schnarrs, Perry Johnson, Defendants-Appellees.
 Nos. 90-1466, 90-1468.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1991.
 
 1
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs, the requests for appointment of counsel and pauper status contained in the plaintiffs' briefs, the motion for miscellaneous relief filed by Gravitt, and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiffs, Gravitt (appeal No. 90-1466) and Muhammad (appeal No. 90-1468), appeal from the district court's decision amending in part and adopting in part the magistrate's report and recommendation in what is commonly known as the Jackson lockdown action. That decision allocated funds from the Special Injury Fund to compensate class members for injuries resulting from the riots caused by the lockdown at the State Prison of Southern Michigan.
 
 
 4
 As a result of a lockdown which initiated serious riots resulting in injuries to prisoners, numerous 42 U.S.C. Sec. 1983 actions were filed. Those actions were consolidated and a class action certified. A consent judgment was entered in 1985 which established a $20,000 Special Injury Fund to compensate members of the class for "serious, continuing, and medically certifiable injuries" as a result of the acts and occurrences at the prison between May 22, 1981, and August 31, 1981. The magistrate reviewed 116 claims and recommended payment of $14,500 to 5 of the plaintiffs, none of whom are appellants before the court in the instant appeals.
 
 
 5
 As to Gravitt's claims of mental and emotional stress, the magistrate denied his claims on the basis that he failed to verify the nature of the injury or show any basis for any continuing, medically certifiable injury. Muhammad claimed that he was sprayed in the face with mace which caused an eye infection which has resulted in glaucoma. However, because Muhammad did not present any medical evidence to support his claim, the magistrate recommended that he be given additional time to present such evidence to the court.
 
 
 6
 The magistrate advised that any objections to the report and recommendation were required to be filed within 10 days and that failure to file objections may waive the right to appeal. Muhammad filed objections but Gravitt did not. The district court judge amended the report and recommendation by making an upward adjustment to the compensation of one of the plaintiffs, denied extensions of time to obtain medical records in support of claims, and allocated $19,500 from the fund. Neither plaintiff in the cases currently before the court were granted money from the fund. Gravitt and Muhammad appealed.
 
 
 7
 On appeal, Gravitt and Muhammad have filed briefs seeking compensation for their alleged injuries, leave to proceed on appeal in forma pauperis and appointment of counsel. Gravitt has also filed motions seeking review, en banc consideration, mandamus, reversal, remand, judicial review, etc. The defendants have declined to file a brief.
 
 
 8
 Gravitt (appeal No. 90-1466) failed to file objections to the magistrate's report and recommendation. A party who does not file timely objections to a magistrate's report and recommendation after being advised to do so waives his right to appeal pursuant to United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). See Thomas v. Arn, 474 U.S. 140, 155 (1985); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). The court can, however, choose not to apply the waiver if exceptional circumstances are present warranting an exception to the rule in the "interests of justice." See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). Exceptional circumstances have not been shown. In addition, Gravitt's claim of injuries is unsubstantiated and appears clearly without merit.
 
 
 9
 Muhammad (appeal No. 90-1468) did file objections to the magistrate's report and recommendation and such objections were considered by Judge Cohn. The magistrate determined that the claim of glaucoma caused by mace was not supported by any medical evidence. In the objections to the report and recommendation, Muhammad presented some medical records which show that he has been diagnosed as having glaucoma. The district court made a de novo review and determined that Muhammad failed to produce evidence that his condition was the result of an injury received during the lockdown. A review of the medical records confirms the district court's conclusion. See Fed.R.Civ.P. 52(a).
 
 
 10
 Accordingly, it is ORDERED that the requests of the plaintiffs for leave to proceed on appeal in forma pauperis and appointment of counsel be denied, the motions of Gravitt for miscellaneous relief be denied, and the March 21, 1990 final order of the district court be affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.